## EVANS *v.* THE STATE.

1. Merely buying whisky for another, whose money is used in making the
   purchase, does not, "as matter of law," constitute the person so doing
   the agent of both the seller and the buyer.
2. While in the trial of an indictment for selling liquor unlawfully the ac-
   cused may justly be treated as the seller, if it be proved that he received
   the money of another and shortly thereafter delivered whisky for the
   same, and if there be nothing, either in the evidence or the statement of
   the accused, to show from whom the whisky was obtained, or that some

other person was the actual seller, the mere failure of such a person so delivering whisky to disclose, at the time of so doing, "the name of the person from whom he bought," will not, of itself, necessarily warrant the conclusion that he is himself the seller to the person to whom he delivered the whisky.

3. In view of what is above laid down, the following charge, in the present case, was erroneous: "I charge you as a matter of law, if you believe the witness . ' . gave the defendant . . money to buy liquor with, and he went off and brought the liquor back, I charge you, then he is the agent of both the seller and the buyer and he is as guilty as the seller, especially if he failed to disclose the name of the person from whom he bought; the law will treat him under these conditions as the seller himself."

Argued July 5,—Decided July 14, 1897.

Indictment for selling liquor. Before Judge Reese. Hart superior court. March term, 1897.

*Asbury G. McCurry,* for plaintiff in error.

*Robert H. Lewis, solicitor-general,* contra.

Fish, J. Bed Evans was indicted for unlawfully selling spirituous liquor in Hart county. After conviction, he moved for a new trial, which being denied, he excepted. The motion alleged that the verdict was contrary to law and evidence, and that the court erred in charging: "I charge you as a matter of law, if you believe the witness Gunter gave the defendant Evans money to buy liquor with, and he went off and brought the liquor back, I charge you, then he is the agent of both the seller and the buyer and he is as guilty as the seller, especially if he failed to disclose the name of the person from whom he bought; the law will treat him under these conditions as the seller himself."

1, 2. If the accused merely bought whisky for another, using the money of the latter in making the purchase, this did not, either "as a matter of law" or of fact, constitute the accused the agent of both the seller and the buyer. If nothing more appeared, the agency was for the buyer alone. While this court has held that, upon the trial of one charged with selling liquor unlawfully, the accused may justly be treated as the seller, if it be proved that he received the money of another and shortly thereafter delivered whisky for the same, and if there be nothing, either in the evidence or the statement of the accused, to show from whom the whisky was ob-

·tained, or that some other person was the actual seller (*Paschal's* case, 84 *Ga.* 326; *Grant's* case, 87 *Ga.* 265), yet the mere failure of such a person so delivering whisky to disclose, ·at the time of so doing, "the name of the person from whom he bought," will not, of itself, necessarily warrant the conclusion that he is himself the seller to the person to whom he ·delivered the whisky. "If the accused, acting bona fide as the agent of another, bought liquor for the latter with the latter's money and delivered it to the person for whom it was bought, these facts did not constitute a sale of liquor by the ·accused." *White's* case, 93 *Ga.* 47.

3. In view of what is above laid down, the charge complained of, and which is set out in the third headnote, was ·erroneous.     *Judgment reversed.    All the Justices concurring.*