## BLACK *v.* THE STATE.

1. One who at the request of another conducted the latter to a third person who was selling intoxicating liquor unlawfully was not, because of so doing, or be-cause of his mere presence at a sale then made by such third person to the per-son wanting the liquor, a participant in such sale ; nor did the bare fact of his passing the money from the purchaser to the seller, if this was done solely for the purchaser's accommodation, render the doer of this act a seller of the liq-uor, either as principal or agent of the owner.
2. The evidence in this case, so far as it related to the vital question whether or not the accused was in any respect the agent of the actual seller, was purely circumstantial ; and being perfectly consistent with the theory that he was not, and therefore consistent with his innocence, his guilt was not established

with that degree of certainty which the law requires in such cases; and it follows that the verdict of guilty was contrary to law.

Submitted October 17, — Decided October 27, 1900.

Indictment for selling liquor without license. Before Judge Fite. Gordon superior court. September 8, 1900.

Joe Black was convicted of selling spirituous and intoxicating liquors without license. His motion for a new trial being overruled, he excepted. The testimony of the only witness for the State was, in brief, as follows: Witness, some time before Christmas, 1898, told the accused that if he knew of any whisky in the neighborhood, to inform witness, as he wanted to get some. During Christmas of that year, the accused came to the home of witness and asked him if he wanted any whisky, and, upon witness replying that he did, the accused informed him that he could get some down at the road. Witness then went with the accused to a place in the bushes near the road, where they found one Ivey with a small keg of corn whisky, and witness bought a pint, Ivey drawing it from the keg and handing it to him. In paying for it, witness handed the money to the accused, who was standing near by and between witness and Ivey, and the accused handed it to Ivey. The accused lived about a mile from the home of witness, and Ivey and the accused came together up the road from the direction in which the accused lived. This all occurred in Gordon county. The statement of the accused was, in effect, the same as the testimony of the State's witness, except that the accused said that he met Ivey in the road near the witness's house, and, finding that he had whisky, went to inform witness of the fact, as witness had requested him to do; that he had no interest in the whisky, was in no way acting for Ivey, but in doing what he did simply complied with the request of the witness.

*Starr & Erwin,* for plaintiff in error.
*Sam. P. Maddox, solicitor-general,* contra.

FISH, J. The headnotes, when considered in connection with the statement of the facts, need no elaboration.

*Judgment reversed. All the Justices concurring.*