33077. VANDIVER *v.* STATE.

DECIDED JUNE 7, 1950.

*Harris, Henson, Spence & Gower,* for plaintiff in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, Guerry R. Thornton, William Hall,* contra.

TOWNSEND, J. According to the undisputed evidence, two police officers of Fulton County went on Sunday, February 20, 1949, to a little stand or place of business then operated by the defendant and informed him they wanted to purchase two pints of whisky. The officers wore civilian clothes. Realizing that the defendant did not know them, they told him they were going down on the river fishing and wanted to take a little "drinking liquor" down with them, and that they were friends of a man who operated a place of business across the street from that operated by the defendant. The defendant, according to the testimony of these witnesses, replied to the officers that since they were friends of a friend of his he would try to procure the whisky for them. He then went out the front door and presently returned with two pints of whisky for which the officers paid the sum of $5 per pint in marked money. A short time thereafter the officers returned with other officers and made

a search of the entire premises. By going around to the back of the defendant's place of business, which was the direction he took when he procured the two pints of whisky in the first instance, they found within 3 feet of his building a small place which the officers described as a "trap" or "trapdoor" underground and walled up by cement, inside of which they found 9 pints of whisky of the same kind previously procured by the two officers. Upon arresting the defendant, they found on his person the same money which the officers had paid him for the whisky. There were other small businesses on the same side of the street near that of the defendant. The defendant stated that upon the officers applying to him for whisky he advised them he did not sell it but that he knew a fellow who did have some and he would go and get it for them, and that thereupon he did go down the street and purchase the whisky for the officers and, upon returning, they repaid him and accepted the whisky.

Counsel for the defendant contend that in connection with the sale of the liquor the defendant acted as agent for the purchasers and not as agent for the seller; also that the defendant cannot be convicted on proof showing only that by his consent whisky was illegally sold by another on his premises. In support of their contention they cite *Black* v. *State,* 112 *Ga.* 29 (2) (37 S. E. 108), *Blankinship* v. *State,* 112 *Ga.* 402 (2) (37 S. E. 732), and *Evans* v. *State,* 101 *Ga.* 780 (1, 3) (29 S. E. 40). Recognizing the principle of law laid down in these authorities, the jury in the instant case, however, was authorized to find from the evidence, construing the same in its light most favorable to support the verdict, that the defendant himself sold the whisky. The jury was not bound to accept the explanation made by the defendant and, construing the testimony of the two officers who made the purchase together with the testimony of the officers who made the search and found the trap containing 9 pints of whisky of the same variety on the premises of the defendant and within 3 feet of his building and in the same direction that the defendant himself went when he procured the whisky for the officers in the first instance, the findings that the defendant sold the whisky to the officers himself, and that the same was sold on Sunday, were authorized.

■ It appears that the accusation with the word "prisoner"

in the form of the verdict for the jury was presented to counsel for the defense prior to the trial, because immediately above this word one of counsel for the defendant signed the waivers and the plea of not guilty. It does not appear that any objection was made to the trial court of the word "prisoner" as it appears in the form of the jury verdict prior to or at the time of the trial. The court, therefore, was not called upon to strike the word or to rule whether or not its use was prejudicial to the defendant. Without deciding whether or not the use of such word is prejudicial to a defendant, it appears that this question was not raised on the trial of the case and no ruling of the judge invoked thereon, but that it was raised for the first time in the petition for certiorari. Questions not raised in the trial court can not be determined by this court. *O'Quinn* v. *Homerville*, 42 *Ga. App.* 628 (1) (157 S. E. 109).

The judgment of the superior court overruling the certiorari is without error.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*