66314. HUNTER v. THE STATE.

McMURRAY, Presiding Judge.
Defendant was convicted of the offense of aggravated assault in that she did unlawfully make an assault upon the person of another with a certain broken beer bottle, a deadly weapon, by cutting the victim on the neck with said bottle. She appeals. The sole enumeration of error contends that the trial court erred in allowing a witness to the altercation to testify as to whether or not the defendant

had an opportunity to retreat from the fight, the defendant contending this constituted an opinion as to the issue of self-defense. *Held:*

The victim contends that this witness was aiding and abetting the defendant at the time by holding her while the defendant picked up the bottle and "charged toward" the victim, cutting her on the neck. The witness, however, denied this, contending that neither the victim nor the defendant was under any physical restraint and clarified the time that elapsed and the distance that was covered when the defendant ran to get the bottle. She was asked on direct examination as to when the defendant went to the trash can, got the beer bottle, broke it on the concrete and the victim was standing near this witness, "did [the defendant] have a chance to go on off?" After objection to the question that it called for a conclusion from the witness, the trial court overruled the objection. The witness asked that the question be repeated. Then, in response thereto, answered, "yes."

Defendant's defense, of course, was that she reasonably believed that force was necessary to prevent death or great bodily injury to herself. Under OCGA § 16-3-21 (a) (formerly Code Ann. § 26-902 (a) (Ga. L. 1968, pp. 1249, 1272; 1975, p. 1209; 1981, pp. 880, 882; 1981, p. 1393)) defendant contends "that the ability of a person to avoid a confrontation without resorting to the use of force will affect the determination of 'reasonable belief' and 'necessity.' " See *Veasley v. State,* 142 Ga. App. 863, 866 (6) (237 SE2d 464). Compare *Scott v. State,* 141 Ga. App. 848, 850 (234 SE2d 685). Defendant further contends "a distinction must be drawn between allowing a witness to relate facts which might show or negate a 'reasonable belief' and allowing a witness to express an opinion as to whether a 'reasonable belief' existed," citing *Melear v. State,* 159 Ga. App. 574, 577 (2) (284 SE2d 79). Thus, defendant maintains that the trial court should have refused to allow the witness to express an opinion as to the issue of self-defense. However, where a witness observed a crime and cannot adequately state the facts so fully and accurately as to put the jury in the shoes of the witness, the witness may give an opinion. See *Wallace v. State,* 204 Ga. 676, 687-690 (1) (51 SE2d 395). In the case sub judice, there was need for clarity as to the time of the assault as it appeared to the witness, and based on the facts with reference to the defendant's leaving of the altercation, obtaining a beer bottle, breaking it and returning to the fight, this witness was authorized by such facts on which her conclusion was based to testify that the defendant could have "gone on off." The witness thus stated facts on which her conclusion was based. See *Cobb v. State,* 185 Ga. 462, 463 (1) (195 SE 758). We find no merit in this complaint.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 7, 1983.

*Donald T. Wells, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney,* for appellee.