## S98A0158. CAMPBELL v. THE STATE.
### (496 SE2d 724)

CARLEY, Justice.

A jury found Michael Campbell guilty of felony murder while in the commission of an aggravated assault and of possession of a knife during the commission of a crime. After entering judgments of conviction on the guilty verdicts, the trial court imposed a life sentence for the murder and a consecutive five-year sentence for the weapons offense. Campbell's motion for a new trial was denied and he appeals.[1]

1. The victim was Gary Cooper, who was the boyfriend of Campbell's step-daughter, Janice Jenkins. There was a history of animosity between Cooper and Campbell. Although he was forbidden from visiting Campbell's home, Cooper nevertheless did so on an occasion when Campbell was away. Ms. Jenkins let Cooper into the house. When Campbell returned, he saw Cooper's car and confronted Ms. Jenkins. She denied that Cooper was there, but Campbell did not believe her and he armed himself with a knife. Campbell began to search the house and discovered Cooper in Ms. Jenkins' bedroom. A struggle ensued, during which Ms. Jenkins called 911. When the police arrived, Campbell told them that he stabbed Cooper because Cooper tried to hit him. Cooper suffered multiple stab wounds and died from the loss of blood. This evidence was sufficient to authorize a rational trier of fact to find proof of Campbell's guilt of the two offenses beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Campbell contends that the verdict form was erroneously phrased. The record shows that Campbell did not raise a formal objection in the trial court, but initially expressed only a "little" concern about the phrasing of the verdict form. A colloquy ensued in which the trial court explained why it believed that the verdict form, as phrased, was "clear." In response to the trial court's explanation and characterization of the verdict form as "clear," Campbell acquiesced by stating "very well." Thereafter, the trial court gave Campbell another opportunity to review the verdict form, but Campbell raised no objection at that time. Under these circumstances, Campbell's enumeration asserting an erroneous phrasing of the verdict form presents nothing for review. *Wilkes v. State,* 210 Ga. App. 898,

---

[1] The crimes were committed on December 19, 1995. The grand jury returned its indictment against Campbell on February 14, 1996. The jury returned its guilty verdicts on June 19, 1996. On that same day, the trial court entered the judgments of conviction and sentences. On June 20, 1996, Campbell filed his motion for new trial, which motion the trial court denied on August 22, 1997. Campbell filed his notice of appeal on September 15, 1997 and the case was docketed in this Court on October 16, 1997. The appeal was submitted for decision on December 15, 1997.

899 (2) (437 SE2d 837) (1993); *Vandiver v. State*, 81 Ga. App. 756, 758 (2) (59 SE2d 763) (1950).

3. Campbell enumerates as error the admission of post-autopsy photographs, but it appears that only pre-autopsy photographs were admitted. These photographs show surgical incisions which were made in the unsuccessful effort to save Cooper's life, as well as the stab wounds inflicted by Campbell. Photographs showing only the stab wounds apparently were unavailable, and the surgical incisions were not prominently displayed. The pre-autopsy photographs were admissible for the purpose of showing the cause of Cooper's death. *Russell v. State*, 267 Ga. 865, 867 (3) (485 SE2d 717) (1997).

4. Campbell urges that the trial court erred in excluding evidence of prior acts of violence committed against him by Cooper. The record shows, however, that the trial court admitted all proffered evidence of prior difficulties between Campbell and Cooper. The only evidence which was excluded related to an irrelevant incident in which Cooper was the victim, rather than the perpetrator, of an act of violence committed by a third party. Compare *Chandler v. State*, 261 Ga. 402, 407 (3) (405 SE2d 669) (1991) (evidence of victim's prior acts of violence against third parties admissible).

5. The State asked Ms. Jenkins whether, when the stabbing first occurred, Campbell was defending himself. Over the objection that this question called for a legal conclusion, the trial court allowed the witness to give her answer. Because Ms. Jenkins was an eyewitness, the trial court correctly allowed her to testify whether, based upon her own observations of the struggle, Campbell or Cooper was the aggressor. See *Hunter v. State*, 167 Ga. App. 349 (306 SE2d 408) (1983).

6. One of the State's witnesses was the Director of the Georgia Crime Laboratory and the Chief Medical Examiner of Georgia. When the State requested the trial court to qualify this witness as an expert in the area of forensic pathology, Campbell objected on that ground that the witness held academic degrees in chemistry, not forensic pathology. The trial court properly qualified the witness as an expert in forensic pathology over Campbell's objection, since expertise can be based upon training and experience, as well as possession of an academic degree. *Taylor v. State*, 261 Ga. 287, 289 (1) (a) (404 SE2d 255) (1991).

7. After Campbell testified, the State called a police officer as a rebuttal witness. The officer testified to an in-custody statement made by Campbell which was inconsistent with Campbell's testimony. Campbell asserts that this testimony was inadmissible because the in-custody statement was taken in violation of his Sixth Amendment rights.

There was no Sixth Amendment violation, since the statement

was made in the context of a conversation initiated by Campbell, rather than by the officer. *Roper v. State*, 258 Ga. 847, 849 (1) (375 SE2d 600) (1989). Moreover, even if Campbell's statement had been elicited during a conversation initiated by the officer, it still would be admissible as impeaching evidence. *Michigan v. Harvey*, 494 U. S. 344 (110 SC 1176, 108 LE2d 293) (1990).

8. Since Campbell admitted intentionally stabbing the victim with a knife, but claimed self-defense, there is no evidence that he committed a simple assault. *Weaver v. State*, 182 Ga. App. 806 (357 SE2d 153) (1987). Therefore, the trial court correctly refused to give Campbell's requested charges on commission of involuntary manslaughter during a simple assault. *Smith v. State*, 253 Ga. 476, 477 (3) (322 SE2d 58) (1984).

9. Campbell filed a demurrer to that count of the indictment which charged him with aggravated assault, contending that that independent count should be dismissed because the victim died as the result of the alleged aggravated assault. The trial court's overruling of this demurrer is enumerated as error.

It is permissible for the State to indict and try Campbell for both the aggravated assault and the felony murder, although he cannot be convicted of both because the aggravated assault is an "included" offense in the felony murder. OCGA § 16-1-7; *Sanborn v. State*, 251 Ga. 169, 170 (4) (304 SE2d 377) (1983). Thus, the trial court properly overruled Campbell's demurrer to the separate aggravated assault count of the indictment. When the jury returned a guilty verdict on both the aggravated assault and felony murder counts, the trial court correctly merged the former into the latter and entered only a single life sentence.

10. The record shows that Campbell expressly withdrew his request to charge on accident. Moreover, construing the evidence most favorably for Campbell, he stabbed Cooper intentionally in self-defense, rather than accidentally. Therefore, a charge on accident was not authorized. See *Moses v. State*, 245 Ga. 180, 187 (7) (263 SE2d 916) (1980), overruled on other grounds, *Nagel v. State*, 262 Ga. 888, 891 (2) (a), fn. 1 (427 SE2d 490) (1993). Compare *Koritta v. State*, 263 Ga. 703 (438 SE2d 68) (1994).

11. Because closing arguments were not transcribed, Campbell cannot show that any impermissible argument was made or that, if it was, he objected thereto. *Ledesma v. State*, 251 Ga. 487, 490 (8) (306 SE2d 629) (1983).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 9, 1998.

*William O. Cox,* for appellant.

*Spencer Lawton, Jr., District Attorney, Margaret E. Daly, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.