## S00A0194. HARRIS v. THE STATE.
### (532 SE2d 76)

SEARS, Justice.

Appellant Conniel Rashon Harris appeals his conviction for murder,[1] claiming that the trial court erred in failing to charge the jury on voluntary and involuntary manslaughter. We find no error, however, because appellant withdrew his request for the former charge, and the latter charge was not warranted by any evidence introduced at trial. Therefore, we affirm.

The evidence introduced at trial was sufficient to enable a rational trier of fact to conclude that one evening in April 1998, Stanley Sinkfield and Frank Taylor were traveling in a car in Blackshear, Georgia. Hearing someone shout his name, Sinkfield stopped the car near a group of young men, appellant among them. Stepping away from the group and approaching the car, appellant asked Sinkfield why he had stopped, to which Sinkfield replied that he had heard someone shout his name. Walking toward the car, appellant told Sinkfield, "I ought to come over and slap you in the mouth." As Sinkfield started to get out of the car, appellant pulled out a gun and began shooting into the car. Several bullets hit Sinkfield, and appellant aimed past Sinkfield and shot Taylor several times while he was still sitting in the car's passenger seat. Appellant then aimed the gun back at Sinkfield, the gun "clicked" as appellant pulled the trigger, and Sinkfield drove off. Arriving at a nearby police station, Sinkfield got out of the car and collapsed on the station's steps. Taylor died in the police station parking lot. No weapons were found on either Sinkfield or Taylor.

Appellant fled the scene and was captured later that night. Appellant gave post-arrest unsworn statements to the police that on the night of the murder, he responded to threats made by Sinkfield, that Sinkfield began shooting first, and that appellant responded with gunfire only to defend himself, and only after someone gave him

---

[1] The crimes occurred on the night of April 1, 1998, and appellant was indicted on July 13, 1998, on counts of malice murder, felony murder, and aggravated assault. Appellant was tried on August 5 and 6, 1999, and was found guilty of felony murder, for which he was sentenced to life imprisonment, and aggravated assault, for which he was sentenced to ten consecutive years imprisonment. A timely notice of appeal was filed on September 3, 1999, the appeal was docketed on October 21, 1999, and submitted for decision without oral argument.

a loaded gun.

1. Construed most favorably to the verdict, the evidence introduced at trial was sufficient to enable a rational trier of fact to find appellant guilty of the crimes for which he was convicted.[2]

2. Appellant claims the trial court erred in failing to give the jury a requested charge on voluntary manslaughter. In all murder cases, whenever there is any evidence, however slight, to support a requested jury instruction on voluntary manslaughter, the trial court must give the instruction.[3]

However, our review of the transcript reveals that during the charging conference, appellant conceded before the trial court that there was no evidence to support a charge on voluntary manslaughter, and tacitly withdrew the request to make such a charge. At the close of the court's charge to the jury, appellant did not raise an objection to the court's failure to charge on voluntary manslaughter. Insofar as appellant withdrew his request to charge on voluntary manslaughter, he cannot invite error by the trial court and then seek reversal on that same basis.[4] Furthermore, appellant failed to object to the alleged error in the trial court, and acquiesced in the overall charge as given, and hence has waived this claim of error on appeal.[5]

3. Appellant also urges trial court error in the failure to charge the jury on felony grade involuntary manslaughter under OCGA § 16-5-3 (a), as requested.[6] Our review of the record reveals that the charge was not warranted by the evidence.

Under section 16-5-3 (a), a person commits involuntary manslaughter when, without intent and in the commission of an unlawful act other than a felony, he or she causes the death of another.[7] Appellant claims on appeal that the underlying unlawful act that should have supported a charge of involuntary manslaughter is reckless conduct.[8]

However, as noted above, appellant's statement, which was introduced at trial although appellant elected not to testify, asserted that he intentionally shot the victims, but acted in self-defense after they fired the first shots. In his closing statement, defense counsel urged the jury to accept appellant's assertion of self-defense. Because

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Phillips v. State*, 238 Ga. 497 (233 SE2d 758) (1977).

[4] *Barnes v. State*, 269 Ga. 345 (496 SE2d 674) (1998).

[5] *Earnest v. State*, 262 Ga. 494 (422 SE2d 188) (1992).

[6] Unlike voluntary manslaughter, appellant did object to the trial court's failure to charge the jury on involuntary manslaughter, and hence this enumeration is preserved on appeal.

[7] OCGA § 16-5-3.

[8] See OCGA § 16-5-60. At trial, appellant argued that the underlying unlawful act to support an involuntary manslaughter charge was discharging a gun near a public road. See OCGA § 16-11-103.

appellant conceded that he shot at the victims intentionally, albeit in self-defense, a charge on the lesser offense of involuntary manslaughter, which requires a lack of intent, was not warranted.[9] "The intentional use of a gun . . . [the] deadly force [of which] is known to all . . . is simply inconsistent with the lack of intent to kill which is a prerequisite in involuntary manslaughter."[10] It follows that the trial court did not err in refusing to give the requested charge.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 2000.

*Jimmy J. Boatright*, for appellant.

*Richard E. Currie, District Attorney, George E. Barnhill, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.

---

[9] See *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980); see also *Campbell v. State*, 269 Ga. 186 (496 SE2d 724) (1998); *Brown v. State*, 269 Ga. 67 (495 SE2d 289) (1998).

[10] Kurtz, *Criminal Offenses and Defenses in Georgia*, pp. 262-263 (3d ed. 1991); see *Crawford*, supra.