S02A1797. HOGAN et al. v. NAGEL.
(576 SE2d 873)

BENHAM, Justice.

The Superior Court of DeKalb County issued a writ of release in response to the petition for writ of habeas corpus filed by appellee David Nagel, who has been in the custody of the Department of Human Resources since 1981, when, as a teenager, he was tried for the murders of his grandparents and found not guilty by reason of insanity. See OCGA §§ 37-3-1 (9.1); 37-3-148. Recognizing that appellee had spent his entire adult life in mental health institutions and initially would need supervision and outpatient services and support, the habeas court ordered appellants Ronald Hogan and Mark Rowles, the superintendent and chief medical officer of Georgia Regional Hospital at Atlanta, to prepare a transitional release program for appellee. Appellants bring this appeal from the habeas court's action.

1. A portion of the relief ordered by the habeas court is the basis for two of appellants' enumerated errors. Appellants maintain that

the requirement that they prepare a transitional release program for appellee exceeded the relief a habeas court is authorized by the habeas corpus statutes, specifically OCGA § 9-14-19, to give. Because the habeas court ordered the preparation of a transitional release program for appellee, appellants also contend the habeas court conducted a release hearing pursuant to OCGA § 17-7-131 (e) (5)[1] and thereby erroneously acted as if it were the superior court in which appellee was criminally prosecuted and by which he was committed to appellants' custody after being found not guilty by reason of insanity.

Habeas corpus is a civil, equitable remedy. See *Fullwood v. Sivley*, 271 Ga. 248, 251 (517 SE2d 511) (1999). See also *Hogan v. Nagel*, 273 Ga. 577, 583 (543 SE2d 705) (2001) (Carley, J., dissenting). In the first appeal of this case, we determined, in effect, that an insanity acquittee under an order of involuntary commitment has two parallel judicial means by which he might secure his release on the ground that he no longer meets the criteria for civil commitment: by a petition for writ of habeas corpus (OCGA § 37-3-148 (a)) and by petition for release under OCGA § 17-7-131 (f). *Hogan v. Nagel*, supra, 273 Ga. at 578-579. A habeas court is statutorily authorized to "discharge, remand, or admit the person in question to bail . . . as the principles of law and justice may require." OCGA § 9-14-19. In the case at bar, the habeas court discharged appellee from appellants' custody and, recognizing that appellee would benefit greatly from and had consented to a period of supervision and outpatient support, applied principles of justice to require appellants to fashion a plan of transitional support for appellee. The habeas court's use of its authority to fashion a remedy with equitable features did not cause the habeas petition to metamorphose into a petition to the committing court for modification of his treatment plan established pursu-

---

[1] OCGA § 17-7-131 (e) sets forth the various avenues the trial court takes within the first few months after a criminal defendant is found not guilty by reason of insanity at the time of the crime and has been ordered detained in a state mental health facility in order to undergo an evaluation of the defendant's current mental condition. Within 60 days of the order of acquittal, the trial court must hold a hearing if the evaluation report indicates the defendant does not meet the criteria for inpatient commitment and the trial court has not ordered the defendant discharged. OCGA § 17-7-131 (e) (1)-(3). If, after the hearing, the trial judge determines the defendant does meet the criteria for inpatient commitment, the judge orders the defendant committed ((e) (4)); should the defendant appear to meet the criteria for outpatient involuntary treatment, the trial court may order a period of conditional release. OCGA § 17-7-131 (e) (5). The next subsection in the statute, § 17-7-131 (f), provides that a defendant ordered committed under subsection (e) may be discharged from that commitment by order of the trial/committing court upon a finding that the defendant does not meet the civil commitment criteria. Since appellee was ordered committed in 1981, it appears that the trial/committing court's "general and broad powers in cases over which it has jurisdiction" would be the basis for involvement, if any, by the committing court at this juncture. See *O'Neal v. State*, 185 Ga. App. 838 (365 SE2d 894) (1988).

ant to the order of civil commitment under OCGA § 17-7-131 (e) (5).

2. Appellants next question whether appellee's failure to pursue an available state remedy precludes the grant of habeas relief. This issue was decided adversely to appellants in the previous appearance of this case in this Court when we held that appellee, an involuntary detainee, was not required to exhaust remedies available under the criminal procedure code (OCGA § 17-7-131 (f)) before seeking habeas relief pursuant to OCGA § 37-3-148 (a). *Hogan v. Nagel*, supra, 273 Ga. 577.

3. Finally, appellants take issue with the habeas court basing its finding that appellee was "no longer mentally ill or dangerous" on expert testimony, without any input from the court in which appellee was criminally prosecuted. While "[t]he trial court, rather than mental health professionals, has the responsibility for deciding applications for release under OCGA § 17-7-131 [(f)]" (*Nagel v. State*, 262 Ga. 888 (1) (427 SE2d 490) (1993)), a detainee seeking release by means of a petition for writ of habeas corpus pursuant to OCGA § 37-3-148 (a) need only establish by a preponderance of admissible evidence the illegality of his continued detention in a mental hospital, i.e., that he no longer meets the standards for commitment. See *Benham v. Ledbetter*, 785 F2d 1480, 1493 (11th Cir. 1986). There is no requirement in a habeas action that the committing court agree that the detainee no longer meets the standards for commitment. Accordingly, the habeas court did not err in making the pivotal finding without input from the committing court.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Robert G. Nardone*, for appellants.

*James C. Bonner, Jr., Debra Blum, Torin D. Togut*, for appellee.