## S06A1762. SMITH v. THE STATE.
### (637 SE2d 400)

CARLEY, Justice.

Umar Smith was indicted for several offenses arising from the fatal shooting of Kenyon Maddox. Smith did not deny that he shot the victim, but claimed that he acted in self-defense. However, a jury found him guilty of malice murder, felony murder and aggravated assault. Because the guilty verdict as to felony murder was vacated by operation of law and the aggravated assault merged as a matter of fact, the trial court entered judgment of conviction only for malice murder and then imposed a life sentence. *Malcolm v. State*, 263 Ga. 369, 372 (4), (5) (434 SE2d 479) (1993). With regard to a count of possession of a firearm by a convicted felon, which had been bifurcated for separate disposition, Smith pled guilty and received a five-year consecutive sentence. The trial court denied a motion for new trial, and Smith appeals.[*]

1. Smith does not enumerate the general grounds. However, an independent review of the transcript shows that the evidence, including eyewitness testimony identifying Smith as the aggressor, is sufficient to authorize a rational trier of fact to find proof of his guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Russell v. State*, 267 Ga. 865, 866 (1) (485 SE2d 717) (1997).

2. On direct examination, an eyewitness testifying for the State was asked whether, based on her observations, she believed that Smith acted in self-defense. Smith objected that the question called for a legal conclusion. The trial court overruled the objection, and the witness gave a negative response to the question. Smith enumerates the trial court's ruling as error.

Initially, the State contends that the issue has been waived because, after the trial court overruled Smith's objection to the question, he neither renewed his objection nor moved for mistrial. However, since the trial court had passed on the objection raised, there was no cause for Smith to take any additional action to preserve the evidentiary ruling for appellate review. *Bolden v. State*, 272 Ga. 1 (525 SE2d 690) (2000). Compare *Campbell v. State*, 136 Ga. App.

---

[*] The crimes were committed on July 28, 1997. The grand jury indicted Smith on August 26, 1997. The jury returned the guilty verdicts on April 22, 1999. On May 18, 1999, the trial court entered the judgments of conviction on the guilty verdict for malice murder and the guilty plea for possession of a firearm by a convicted felon, and imposed the sentences for those offenses. On May 28, 1999, Smith filed a motion for new trial, which the trial court denied on January 11, 2006. Smith filed a notice of appeal on January 13, 2006, and the case was docketed in this Court on June 22, 2006. The appeal was submitted for decision on the briefs.

338, 342 (4) (221 SE2d 212) (1975) (failure to renew objection after testimony admitted only provisionally).

On the merits, it was permissible for the eyewitness to testify, based upon her own observations of the shooting, whether Smith acted in self-defense. *Campbell v. State*, 269 Ga. 186, 187 (5) (496 SE2d 724) (1998). Therefore, the trial court did not err in overruling Smith's objection to the question.

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 2006.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.