## A08A2294. GRAY v. THE STATE.

(673 SE2d 84)

JOHNSON, Presiding Judge.

In February 2002, Sharon Gray was found not guilty by reason of insanity of aggravated assault and cruelty to children after she repeatedly stabbed her two-year-old daughter in the chest. Gray was ordered into the custody of the Department of Human Resources, and she has remained involuntarily committed as an inpatient at West Central Georgia Regional Hospital in accordance with OCGA § 17-7-131 (f). Gray now appeals from a trial court order denying a petition for conditional release to outpatient commitment, which was filed on her behalf by Dr. Roger M. Enfield, a forensic psychologist at West Central. Gray alleges that the trial court employed an improper standard of review and ignored certain evidence in issuing its order. We disagree and affirm.

Pursuant to OCGA § 17-7-131 (e) (5), a trial court may order a mentally ill defendant to be conditionally released if the defendant meets the requirements for outpatient commitment.[1] At a release hearing, the trial court must weigh the evidence in light of the defendant's burden to overcome the presumption of a continued need for inpatient treatment by a preponderance of the evidence.[2] In addition, the trial court must supply specific findings of fact regarding the presented evidence and its conclusions based thereon.[3] The court must consider all credible and relevant expert and other evidence presented at the hearing and contained in the trial record on the issue of conditional release.[4]

---

[1] OCGA § 37-3-1 (12.1) provides that outpatient commitment is permitted only where the defendant no longer meets the requirements for inpatient involuntary treatment. OCGA § 37-3-1 (9.1) provides that a mentally ill person continues to require inpatient involuntary treatment if the person presents a substantial risk of imminent harm to themselves or others, or is so unable to care for their own physical health and safety as to create an imminently life-endangering crisis, and is in need of involuntary inpatient treatment.

[2] See *Nagel v. State*, 262 Ga. 888, 892-893 (2) (b) (427 SE2d 490) (1993) (*"Nagel I"*).

[3] Id. at 892 (2) (b).

[4] Id.

Here, Gray claims that the trial court failed to supply specific findings of fact showing that it considered evidence that Gray met the requirements for outpatient treatment and that it "completely ignored" the testimony of Dr. Enfield. These contentions, however, are belied by the trial court's order. The order acknowledges Dr. Enfield's assertions that Gray was clinically stable and had thus far met the objectives of her treatment plan. The order also noted that Dr. Enfield attributed both Gray's stabbing of her daughter in 2000 and her stabbing of herself and a boyfriend in 1999 to acutely psychotic episodes. While Dr. Enfield claimed that outpatient treatment would ensure that any symptoms of acute psychosis would be detected "within the first day," such evidence did not require the court to find that Gray no longer presented a substantial risk of imminent harm to herself or to others.[5]

The trial court's order found that Gray's history of superficially complying with outpatient treatment without revealing her psychotic symptoms increased her risk of becoming violent. The order also noted that Gray resorted to violence after being provoked by a fellow patient at West Central in August 2006. In support of its conclusion that Gray continued to meet the criteria for inpatient involuntary treatment, the trial court found that she was mentally ill as defined by OCGA § 17-7-131 (a) (2), remained at a moderate to somewhat elevated risk of violence even within the hospital, and did not appear to meet the criteria for outpatient involuntary treatment.

The trial court's order demonstrates that it considered the credible and relevant evidence contained in the record and presented at the hearing, including the testimony provided by Dr. Enfield. Because a rational trier of fact could have found that Gray failed to prove by a preponderance of evidence that she should be conditionally released to outpatient treatment, we affirm.[6]

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 27, 2009.

*Jason P. Carini, Harold B. Baker, Lisa M. Palmer*, for appellant.

---

[5] *Nagel v. State*, 264 Ga. 150, 152 (2) (442 SE2d 446) (1994) (the trial court, not mental health professionals, has the responsibility for deciding applications for release under OCGA § 17-7-131).

[6] See *Nagel I*, supra at 892 (2) (a).

*Denise D. Fachini, District Attorney, Matthew P. Brown, Assistant District Attorney*, for appellee.