## 71942. BENTLEY v. THE STATE.
### (346 SE2d 98)

McMURRAY, Presiding Judge.

The defendant was convicted of three counts of child molestation and one count of aggravated sodomy. The defendant's motion for new trial was denied and he now appeals. *Held*:

1. In his first enumeration of error, the defendant argues that the evidence was not sufficient to support the verdict. We do not agree. "The child molestation statute (formerly Code Ann. § 26-2019, now OCGA § 16-6-4) is violated when a person 'does any immoral or indecent act to *or in the presence of* or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person.' " *McLamb v. State*, 176 Ga. App. 727, 728 (2) (337 SE2d 360). "A person commits the offense of sodomy when he performs or submits to any sexual act involving the sex organs of one person and the mouth . . . of another. A person commits the offense of aggravated sodomy when he commits sodomy with force and against the will of the other person." OCGA § 16-6-2 (a). In the case sub judice, the evidence and all inferences therefrom demonstrated that the defendant exposed his penis on three separate occasions to three different female children under the age of 14 years. From these facts it can be inferred that the defendant committed the above described acts in order to satisfy his own sexual desires. Further, the evidence showed that the defendant forced a young child to place her mouth on his sex organ against her will. We find that this evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offenses of three counts of child molestation and one count of aggravated sodomy. *McLamb v. State*, 176 Ga. App. 727, 728 (2), supra; *Brannon v. State*, 176 Ga. App. 781, 782 (3) (337 SE2d 782). (The victim of the aggravated sodomy was also one of the victims of the above-described child molestation; however, the sodomy occurred at a different location and at a different time from the child molestation.)

2. In his second enumeration of error, the defendant contends that the trial court erred by charging the jury that if they could not reach a verdict it would result in a mistrial and the case would be tried again. "This charge was a correct charge as to the requirements of unanimity and was not an erroneous charge." *Cunningham v. State*, 255 Ga. 35, 37 (3) (334 SE2d 656).

Next, the defendant argues that the trial court's charges regarding how the jury's deliberation should be conducted, were inconsistent and misleading. In this regard, we have examined the court's charge to the jury in its entirety and, taken as a whole, we find that the instructions were not misleading or inconsistent. See *Blair v. State*, 245 Ga. 611, 615 (266 SE2d 214) where the Supreme Court held that "[t]he charge to the jury must be viewed as a whole and not taken as single instructions in artificial isolation. [Cits.]" With this in mind, the trial court's instructions as pointed out by the defendant do not support his argument.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JUNE 5, 1986.

*Drew Findling, L. James Weil*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.