## A89A1385. WORLEY v. THE STATE.

(386 SE2d 879)

BEASLEY, Judge.

Worley appeals his conviction of two counts of child molestation, involving one incident. OCGA § 16-6-4. He was acquitted of two additional counts regarding a later incident.

Viewed in favor of the verdict, the evidence was that on Wednesday, February 10, 1988, the 8-year-old daughter of a law enforcement officer was playing in the track area of the high school with her 8-year-old friend Ryan. They were approached by defendant, who was riding a blue or gray bicycle. He spoke to them, exhibited his penis to them, and, as described by Ryan, "was wiggling his private." Ryan demonstrated this activity to the jury with an anatomically correct doll.

On Saturday, a Federal Bureau of Investigation special agent who had not previously known the law enforcement officer, was at the high school signing up children for a track club. The latter was also participating and advised the agent of the children's experience so that the adults could take precautions.

The next day, the agent's 13-year-old daughter and her girl friend of the same age were at the high school running track when they saw defendant with a silverish gray bicycle. He had his pants unzipped and was exposing his penis to them. They immediately left the area and were followed by the defendant, who went under the bleachers where they were. After the girls were picked up by the agent's wife, they told her about their experience, and the agent's daughter repeated it to her father when she arrived home. He immediately went to the school and located defendant, who matched the girl's description. Defendant gave his name and address but then rode off. He was seen and identified again by the agent's daughter who, with her mother, had followed the agent to the school.

Defendant, who lived nearby, acknowledged that he frequently rode his or another family bike at the high school. One of these bikes was a silver/gray ten-speed. He also acknowledged the encounter with the agent but denied exposing himself to the girls. He denied being at the school at all on the day of the incident with the younger children.

The conviction was of the counts involving the younger children.

1. Two enumerations allege errors in the jury charge.

Enumeration 1 contends it was error to refuse his request regarding the elements of public indecency, which defendant contends is a lesser included offense of child molestation.

Pretermitting the issues of whether any such issue was waived by failure to object after the charge was given and the court inquired of counsel regarding objections, *Bryant v. State*, 256 Ga. 273, 274 (1) (347 SE2d 567) (1986); *Allen v. State*, 177 Ga. App. 600, 603 (340

SE2d 246) (1986), and whether the charge requested was a lesser included offense, see *Morton v. State,* 168 Ga. App. 18, 20 (5) (308 SE2d 41) (1983); *Mackler v. State,* 164 Ga. App. 874, 876 (4) (298 SE2d 589) (1982), where the children said defendant did the act and he denied it and claimed an alibi, such a charge would have been inappropriate. *Cooper v. State,* 256 Ga. 631 (3) (352 SE2d 382) (1987).

The indictment alleged that all of the charged incidents occurred on February 13, Saturday. The counts of which defendant was convicted occurred on Wednesday the tenth. Defendant presented evidence of his alibi on that date. In his third enumeration, he claims error in the court's charge that the jury could convict if it believed there was proof of the crime alleged "at any time within four years preceding the date in the bill of indictment."

Failure to object waived the objection. *Allen,* supra. The charge did not constitute substantial error pursuant to OCGA § 5-5-24 (c), i.e., telling the jury the date charged is "immaterial" did not emasculate the alibi defense here. See *McCoy v. State,* 174 Ga. App. 621, 622 (2) (330 SE2d 746) (1985). Defendant had an alibi for the date proven. Thus, even if the charge were incorrect, no harm has been shown and thus no reversible error occurred. *Chenault v. State,* 234 Ga. 216, 220 (2) (215 SE2d 223) (1975).

2. During its deliberations, the jury asked the court several questions. In response, the court recharged the elements of child molestation, the necessity for the State to prove intent, and that intent may be found from consideration of words, conduct or demeanor of an accused.

The next day, after several more hours of deliberation, the jury asked: "Does the prosecution have to prove beyond a reasonable doubt that the accused had to have 'picked out' these specific people to be guilty of the charge brought against him?" A colloquy with the court reflects that the jury's concern was whether the acts had to have been "premeditated," and whether a crime could "accidentally" happen. The court directed the jury repeatedly that it must determine that a crime occurred, that the defendant had to "intend to do the act," but that the State did not have to prove that anyone sought out anyone.

In response to another inquiry regarding "pre-thought," the court gave the charge now objected to: "The crime is defined as one performed by a person in the presence of minor children. You must find that there was an intention to perform the act and that it was performed in the presence of persons under the age of fourteen years."

Defendant contends that this contradicted the initial charge and eliminated the need for the jury to be convinced that defendant performed the acts "with the intent to arouse or satisfy the sexual desires of either the child or the person."

No objections were made when recharges were given, but neither did the court make any specific inquiry concerning the issue and we consider the merits of the enumeration.

The jury was repeatedly charged on the required elements of child molestation, including specific intent. Defendant seeks review of one sentence out of context, which we cannot do. "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. [Cits.]" *Williams v. State*, 249 Ga. 822, 825 (3) (295 SE2d 293) (1982). So considered, the charge presents no error. *Bentley v. State*, 179 Ga. App. 287, 288 (2) (346 SE2d 98) (1986).

3. The fifth enumeration attacks the sufficiency of the evidence on the ground that there was no evidence to show the required intent. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). " 'Intent, however, is a question of fact to be determined upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. OCGA § 16-2-6.' " *In re J. B.*, 183 Ga. App. 229, 230 (6) (358 SE2d 620) (1987). This principle was included in the court's charge.

The acts described by Ryan and demonstrated to the jury were sufficient for this purpose. *Bentley*, supra at 287.

4. The fourth enumeration claims, for the first time in any forum, that trial counsel was ineffective because of his failure to reserve objections to the charge as allowed by OCGA § 5-5-24.

Since we have ruled on the merits of the questioned charges which had not been objected to by trial counsel, the alleged ineffectiveness is harmless inasmuch as the failure to object did not work a forfeiture of the appellate review. *Hazelrig v. State*, 171 Ga. App. 942, 943 (1) (321 SE2d 437) (1984).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 6, 1989 —
REHEARING DENIED SEPTEMBER 27, 1989 — ■

*Robert W. Lenzer, Thomas P. Lenzer, Michael Mears*, for appellant.

*Thomas J. Charron, District Attorney, Fonda S. Clay, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.