A90A0120. CLOSE v. THE STATE.
(394 SE2d 563)

McMURRAY, Presiding Judge.

The appellant was convicted of eight counts of child molestation in that he either exposed his penis to a different named child in Counts 2, 3 and 7, or exposed it and practiced sexual self gratification in the presence of a different named child in Counts 1, 4, 5, 6 and 8, all children named in the eight counts being under the age of 14. The alleged acts took place during two separate incidents when the children involved were getting off their school bus. He appeals from the denial of his motion for new trial. *Held*:

1. Appellant contends that the trial court erred in denying his motion for new trial on the ground of ineffective assistance of counsel. He argues that his trial counsel did not properly investigate and present his alibi defense because he failed to interview and call several

"crucial" witnesses, failed to effectively cross-examine the young victims, failed to investigate documented areas of defense which are not now obtainable, and failed to secure a copy of the incident report filed by the investigative and arresting officer in the case.

The Supreme Court has established that "[b]efore addressing the specific acts and omissions allegedly demonstrating ineffective assistance, [it is] appropriate to outline generally the circumstances surrounding [the appellant's] trial representation. [Cit.]" *Cook v. State,* 255 Ga. 565, 578-587 (17) (340 SE2d 843) (1986). It was shown at the hearing on the motion for new trial that appellant was represented by an experienced trial lawyer who had been practicing criminal and civil law for 23 years and had handled numerous felony cases, including at least 15 murder trials with only one conviction. Prior to trial, this attorney had appellant released from jail on bond, filed discovery motions, a motion to dismiss the indictment and general and special demurrers. During the trial, he presented the testimony of 12 witnesses, including appellant, cross-examined the State's witnesses and made objections. A timely request to charge on public indecency was made and a vigorous closing argument was presented.

Under the standards set forth in *Strickland v. Washington,* 466 U. S. 668, 687-688 (104 SC 2052, 80 LE2d 674) (1984), "appellant's burden on challenging his counsel's effectiveness was to establish that his counsel's performance was deficient and that the deficient performance prejudiced the defense. [Cit.] He was required to show that there was a reasonable probability that the result of the proceedings would have been different but for his counsel's unprofessional deficiencies. [Cit.] Further, he had to overcome the strong presumption that the representation was effective. [Cit.] He has not done so." *Smith v. State,* 192 Ga. App. 18, 19-20 (3) (383 SE2d 600) (1989). See also *Cook v. State,* supra at 579; *Smith v. Francis,* 253 Ga. 782 (1) (325 SE2d 362) (1985). The burden is on the appellant to make these showings, and a reviewing court can find lack of sufficient prejudice without deciding whether counsel's performance was deficient. *Smith,* supra at 783.

Appellant's complaint that his alibi defense was weakened because his lawyer's failure to interview certain witnesses earlier rendered their testimony "subject to attack on the plausibility of their recollection" is not borne out by the trial transcript or by facts revealed in the hearing on the motion for new trial. These witnesses were clear in their recollections, and one of them had written time records for the date in question. Three possible witnesses were not called because their testimony would not have significantly bolstered the evidence as to what time the victims' school buses let them out. Two witnesses were purposely omitted because their testimony would have conflicted with that of another alibi witness, and the failure to

call a third was harmless since her testimony would have been merely cumulative of the witnesses who did testify. Any information which might have been obtained by securing the school bus time schedules before they were destroyed would likewise have been cumulative of the testimony of the children and their parents. Insofar as the failure to secure a copy of the police report is concerned, it is apparent from the testimony of the officer who prepared this report that more details of the incidents were given by the victims themselves than would have been reflected in the report. See *Argo v. State*, 192 Ga. App. 794, 795 (3) (386 SE2d 545) (1989). Contrary to appellant's arguments, his trial attorney testified that he did know prior to trial that two separate incidents were involved.

Thus, appellant failed to carry his burden of showing that his lawyer's performance was deficient or prejudicial, in that there was a reasonable possibility that the outcome of the proceedings would have been different but for his deficiency. " '[E]rrors in judgment and tactical errors do not constitute denial of effective assistance of counsel. (Cit.) The evidence in this case supports the trial court's finding of effective assistance of counsel.' [Cits.]" *Balduf v. State*, 190 Ga. App. 233, 234 (378 SE2d 409) (1989).

2. Appellant also cites as an example of the ineffective assistance of his trial counsel his lack of objection to the State's failure to give proper notice under Rule 31.1 of the Uniform Rules for the Superior Courts that it intended to offer evidence of a prior, independent but similar transaction. However, the indictment upon which appellant was tried did not allege that the date of the offenses was an essential averment, and the prior incident of child molestation occurred within the four-year statute of limitation period. Thus, this evidence did not fall within the ambit of Rule 31.1, but was evidence of the offenses charged and therefore admissible. *Bowman v. State*, 184 Ga. App. 197 (2) (361 SE2d 58) (1987); *Garrett v. State*, 188 Ga. App. 176, 177 (2) (372 SE2d 506) (1988). Accordingly, trial counsel's failure to object to this evidence did not constitute deficient performance.

3. Appellant further asserts that his trial counsel should have objected to the testimony of the mother of three of the victims and the arresting officer as to what the children told them about the incidents. Counsel testified at the hearing on the motion for new trial that he thought the mother would make a terrible witness, and that the hearsay statements of the children were admissible under OCGA § 24-3-16 and as part of the res gestae. This decision was clearly one of strategy and tactics, and any error in judgment therefore did not constitute denial of effective assistance of counsel. *Balduf v. State*, supra.

4. Appellant complains that the trial court erred in refusing his request to charge the law of public indecency as a lesser included of-

fense of child molestation. However, "where the children said [the] defendant did the act and he denied it and claimed an alibi, such a charge would have been inappropriate. *Cooper v. State*, 256 Ga. 631 (3) (352 SE2d 382) (1987)." *Worley v. State*, 193 Ga. App. 58 (1), 59 (386 SE2d 879) (1989).

5. Appellant argues that the trial court should have granted his special demurrer on the ground that the indictment could charge only two offenses, one for each instance of exposure to children leaving their school bus, rather than eight offenses against each of the children involved. We do not agree. The offense of child molestation is a crime against the person, and every child involved in the two incidents was a victim of this crime. In *Worley v. State*, supra, this Court upheld a conviction of two counts of child molestation involving one incident of lewd exposure before two children, and we find no reason to do otherwise here.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 3, 1990 —
REHEARING DENIED MAY 16, 1990 — 

*Alan J. Baverman*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Fonda S. Clay, Assistant District Attorneys*, for appellee.