A92A1429. CRAIG v. THE STATE.
(423 SE2d 417)

JOHNSON, Judge.

Deborah Craig appeals her conviction of driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)) and driving with a blood-alcohol concentration greater than 0.12 grams (OCGA § 40-6-391 (a) (4)). This appeal follows the denial of a motion for a new trial.

1. Craig contends that the trial court erred in granting the state's motion in limine excluding testimony of witnesses being offered for the purpose of showing personal bias against Craig on the part of the arresting officers. Prior to trial, Craig indicated that she planned to introduce testimony showing that the arresting officer's wife had worked with Craig's mother three years before the arrest, and that the unsatisfactory work relationship had caused the officer to indicate that he would seek to retaliate in some fashion against either Craig or

her mother. Craig also intended to offer evidence that she had spurned social advances by the officer who operated the intoximeter machine, and that this rebuff may have caused him to harbor some prejudice against her. Further, both of the officers had previously had contact with the defendant in connection with "other problems that she's had in a criminal nature."

The evidence introduced at trial established that Craig was stopped after the car she was driving was observed weaving in traffic and crossing the centerline several times. A field test indicated the presence of alcohol and Craig was placed under arrest. She was transported to the police department where the results of an intoximeter test revealed a .14 blood-alcohol level. No evidence was proffered which would intimate that either the officer making the arrest or the one administering the intoximeter test deviated from standard procedures at any time.

"Evidence which does not in any reasonable degree tend to establish the probability of the issues of fact in controversy is irrelevant and inadmissible." *Horne v. State*, 125 Ga. App. 40, 41 (186 SE2d 542) (1971). The trial court excluded evidence which it deemed irrelevant to the proof of the essential elements of the offense, and which might have come perilously close to impermissibly placing the defendant's character in evidence if explored in their entirety. "Evidence must relate to the questions being tried by the jury. . . ." OCGA § 24-2-1. Accordingly, the trial court did not err in excluding the evidence regarding the defendant's previous encounters with the arresting officers.

2. Craig also asserts that the trial court erred in denying her motion to strike four jurors for cause who indicated during voir dire that they were opposed to the use of alcohol. "Whether to strike a juror for favor lies within the sound discretion of the trial court, and absent manifest abuse of that discretion, appellate courts will not reverse." (Punctuation and citations omitted.) *Gilstrap v. State*, 199 Ga. App. 223 (1) (404 SE2d 629) (1991). The voir dire portion of the trial was not reported. "[W]e will not presume error from a silent record. The defendant has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief." (Punctuation and citations omitted.) *Wood v. State*, 199 Ga. App. 252 (1) (404 SE2d 589) (1991). The State appears to stipulate that four potential jurors indicated their disapproval of the use of alcohol but states that all four potential jurors responded affirmatively when asked by the court if they could lay aside their opinions about alcohol and try the case based solely on the evidence. Absent a record evidencing the alleged error of the trial court, there is nothing before us which establishes that the trial court abused its discretion in refusing to strike these veniremen for cause.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1992.

*Moore & Moore, Theron M. Moore*, for appellant.
*Robert E. Turner, Solicitor, Cynthia T. Adams, Carl A. Veline, Jr., Assistant Solicitors*, for appellee.