A94A0481. HATHCOCK v. THE STATE.
(447 SE2d 104)

POPE, Chief Judge.

Defendant William Hathcock was convicted by a jury of child molestation. He appeals his conviction and sentence.

The evidence at trial showed that on November 2, 1992, defendant conducted a termite inspection at the home of the victim, a four-year-old child, and her family. While defendant was using the kitchen telephone to call his office, he exposed his penis to the child. The child demonstrated this to the jury using an anatomically correct drawing. After defendant left, she separately told her father and mother she had seen the "bug man's wiener." When the mother asked

if she was talking about the man's penis, she said yes. The child told a sex crimes investigator that the "bug man" twice showed her his "wiener" which "came from his zipper." The State also introduced as similar transaction evidence defendant's prior convictions for child molestation and public indecency, both of which involved him exposing his penis to young children.

Defendant admitted through the testimony of his expert witness that he exposed himself to the child. Defendant's expert testified, however, that in his opinion defendant did not do so with the intent to arouse or satisfy sexual desires. The expert stated that defendant's depression, combined with having been mentally and physically abused as a child, somehow caused him to associate his penis with being punished by an adult figure.

1. Defendant contends that since the only evidence of his intent to arouse or satisfy his or the child's sexual desires was the mere act of exposure itself, evidence of criminal intent was circumstantial and the trial court erred in failing to give his requested charge on the law of circumstantial evidence as codified at OCGA § 24-4-6. This section provides: "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Defendant argues the failure to give this charge was harmful because his sole defense was that he exposed himself for non-sexual reasons.

In *Robinson v. State*, 261 Ga. 698, 699 (410 SE2d 116) (1991), the Supreme Court set forth a bright-line rule that "where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request." Moreover, this court has held that it is error to fail to charge the substance of OCGA § 24-4-6 when the circumstances from which a guilty intent can be inferred are consistent with an innocent intention or an intention different from that charged against the accused. *Cooper v. State*, 2 Ga. App. 730 (3) (59 SE 20) (1907). Defendant offered evidence of an intention other than to arouse or satisfy his or the child's sexual desires; however, the trial court gave the jury no instructions under which it could consider this evidence. The jury was thus left to determine defendant's guilt or innocence without any instruction under which it could consider his sole defense of a different intention in exposing himself to the child. We thus find the failure to give the requested charge to be reversible error and remand for a new trial. See *Cooper*, 2 Ga. App. at 733; *Robinson*, 261 Ga. at 699-700; see also *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994).

2. We will address the remaining enumerations which are capable of repetition at retrial. Defendant next argues the evidence was insufficient to support his conviction because the mere act of exposure

does not establish the requisite intent to arouse or satisfy either his or the child's sexual desires. "Intent . . . is a question of fact to be determined upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. OCGA § 16-2-6." (Citation and punctuation omitted.) *Worley v. State,* 193 Ga. App. 58, 60 (3) (386 SE2d 879) (1989).

The evidence established that defendant exposed his penis to a female child under the age of 14. Although defendant argued he had a different intention in exposing himself to the child, it can be inferred from the act of exposure that defendant did so with the intent to arouse or satisfy his sexual desires. See *Bentley v. State,* 179 Ga. App. 287 (1) (346 SE2d 98) (1986); see also *Worley,* 193 Ga. App. at 60 (3); *Close v. State,* 195 Ga. App. 652 (394 SE2d 563) (1990). We thus find the evidence was sufficient to enable rational jurors to find defendant guilty beyond a reasonable doubt of the charged offense. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Defendant also argues the jury erred in arbitrarily disregarding the unrebutted testimony of his expert psychologist that defendant did not intend to arouse or satisfy sexual desires when he exposed himself to the child. "It is well-settled that a jury is always free to reject expert opinion testimony and substitute their own knowledge and experience." (Citations and punctuation omitted.) *Prejean v. State,* 209 Ga. App. 411, 412 (2) (433 SE2d 628) (1993). Defendant's reliance on *Nagel v. State,* 262 Ga. 888 (427 SE2d 490) (1993), is misplaced. That case simply held that in cases involving the presumption of sanity or insanity, the factfinder may not disregard expert medical evidence and rely solely on the presumption of insanity. Id. at 891. This enumeration is thus without merit.

4. Defendant contends there was a fatal variance between the indictment and the evidence at trial since the indictment charged him with exposing his penis with the intent to arouse and satisfy both his and the child's sexual desires, but there was no evidence presented that he intended to arouse the child's sexual desires. "When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. In view of the conjunctive form of the indictment in this case, it was not incumbent upon the State to prove that defendant [intended to arouse both his and the child's sexual desires]." (Citations and punctuation omitted.) *Gordon v. State,* 199 Ga. App. 704, 705 (1) (406 SE2d 110) (1991). There was no fatal variance because the evidence was sufficient to show defendant committed child molestation in one of the ways alleged in the indictment. *Little v. State,* 202 Ga. App. 7 (413 SE2d 496) (1991), relied on by

defendant, is inapposite since in that case the indictment did not charge that the crime was committed in more than one way.

5. Defendant next contends the trial court erred in excluding his expert's opinion testimony concerning what his intent was at the time of his 1988 conviction for child molestation. The arresting officer testified that defendant exposed his penis to a seven-year-old child in September 1988, and the State tendered a certified copy of defendant's guilty plea and conviction for that offense. On direct examination, defendant's counsel asked the expert whether he had an opinion concerning whether defendant intended to arouse sexual desires when he exposed himself in 1988. The trial court sustained the prosecutor's objection to the question. During a proffer of the expert's expected answer, he responded that the most he could say was that defendant was probably depressed at that time. "Where an expert's opinion is based wholly on speculative or conjectural matters, his opinion should be excluded. [Cit.]" *Jacobs v. Pilgrim*, 186 Ga. App. 260, 262 (1) (367 SE2d 49) (1988). Given the speculative nature of this testimony, the trial court did not err in excluding it. Moreover, any alleged error in excluding this statement would be harmless since the expert did not specifically testify what defendant's intent was at the time of the 1988 exposure.

6. Defendant contends the trial court erred in sustaining the prosecutor's objection to defendant's expert testifying about his previous work for her office in child molestation cases because this precluded defendant from establishing his expert was objective and well qualified. We disagree. Defendant's expert testified at length concerning his qualifications and further testified that he had worked for both defendants and the State in child molestation cases. As the trial court noted, the specifics of the expert's work on other child molestation cases for the particular district attorney's office prosecuting defendant's case was irrelevant to the expert's qualifications. OCGA § 24-2-1.

7. Defendant next argues the trial court erred in excluding his sister's testimony that he was physically abused by his father as a child. He claims this testimony was relevant because it corroborated the facts his expert relied upon in formulating the opinion defendant did not intend to arouse or satisfy sexual desires when he exposed himself. The sister's testimony in and of itself that defendant was abused as a child was irrelevant to the question of whether he committed the crime of child molestation. " 'Evidence which does not in any reasonable degree tend to establish the probability of the issues of fact in controversy is irrelevant and inadmissible.' [Cit.]" *Craig v. State*, 205 Ga. App. 691, 692 (1) (423 SE2d 417) (1992). "Evidence must relate to the questions being tried by the jury. . . ." OCGA § 24-2-1.

Moreover, even assuming such testimony was relevant, defendant's expert testified that, in his opinion, based on the history of mental and physical abuse defendant related suffering as a child, defendant suffered from post-traumatic stress disorder and exposed his penis for non-sexual reasons. "The admissibility of evidence is within the sound discretion of the trial judge and in view of the cumulative nature of the excluded evidence, any error in excluding same was harmless." *Stewart v. State*, 210 Ga. App. 474, 478 (10) (436 SE2d 679) (1993).

8. Defendant contends the trial court erred in admitting evidence of his prior conviction for public indecency as a similar transaction because it was not sufficiently similar to the charged offense. "The exception to the general rule that evidence of independent transactions is inadmissible has been most liberally extended in the area of sexual offenses. In crimes involving sexual offenses, evidence of similar transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both acts and sufficient similarity or connection between the independent transaction and the offenses charged." (Citations and punctuation omitted.) *Hall v. State*, 204 Ga. App. 469, 470-471 (419 SE2d 503) (1992).

Defendant pled guilty to and does not dispute that he was the perpetrator of the earlier offense. Both incidents involved defendant exposing his penis to a young female child. There is no requirement that the prior crime or transaction be absolutely identical in every respect. *Everhart v. State*, 209 Ga. App. 82 (1) (432 SE2d 670) (1993). While defendant was not convicted of child molestation in the earlier offense, the act underlying that offense was strikingly similar to that for which he was on trial. See *Touchton v. State*, 210 Ga. App. 700, 701 (2) (437 SE2d 370) (1993). We find this evidence was sufficiently similar and the trial court did not err in admitting it.

9. The remaining enumerations need not be addressed since they are unlikely to occur on retrial. For the reason discussed in Division 1, defendant's conviction is reversed and the case remanded for new trial.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED JULY 11, 1994 —
RECONSIDERATION DENIED JULY 28, 1994 —

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, Brenda J. Bernstein, Assis-*

*tant District Attorney*, for appellee.