## A02A0877. DAMARE v. THE STATE.
### (571 SE2d 507)

ELLINGTON, Judge.

A Cobb County jury convicted Gregory Stephen Damare of four counts of child molestation, OCGA § 16-6-4 (a).[1] He appeals from the denial of his motion for new trial, contending the trial court erred in refusing to charge the jury on lesser included offenses, in admitting evidence of similar transactions, and in failing to merge certain convictions for sentencing. He also challenges the sufficiency of the evidence. We affirm.

1. Damare complains that the evidence presented was insufficient to support his convictions.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt.

(Citations and punctuation omitted.) *Kapua v. State*, 228 Ga. App. 193 (1) (491 SE2d 387) (1997). "This Court determines only the legal

---

[1] "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citations and punctuation omitted.) Id. at 195 (1). "Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury verdicts will be upheld." (Citations and punctuation omitted.) *Shelnutt v. State*, 234 Ga. App. 655, 657 (2) (506 SE2d 643) (1998).

Viewed in this light, the evidence showed that, in May 1997, Damare followed a 14-year-old girl (hereinafter "Victim One") as the girl walked home from school. Damare drove his car slowly alongside the girl, asked her to stop, and asked her questions, such as "What is your name?" and "Do you have a boyfriend?" Victim One did not know the man, who told her his name was "Steve." He asked her for her phone number and handed her a pencil and paper through the car window. Victim One decided to give him a fake number so that he would go away, but when she reached for the paper, she noticed he was not wearing any pants. She saw his exposed, erect penis. She decided to pretend she did not see anything and walked away. He continued following her in his car, asking her if she walked home every day. When she arrived home, he asked if it was her house. She replied "yes," and he drove away. Victim One alerted a neighbor, and they called the police immediately. Victim One identified Damare at trial as the man who exposed himself to her.

Victim Two was a 13-year-old girl who was walking home from school in May 1997 when a stranger, Damare, approached her on his bicycle. He rode next to her and began asking her questions, such as her name and whether she played an instrument. He told her he was doing a "survey" and asked whether she was wearing a bra or underwear. Then, according to the girl, he "said that he wanted to lick my p— up and down and he was going to put his penis inside my p— and wouldn't I enjoy that." Surprised, Victim Two told him "to get the f— away from me you sicko," and he left. When she was sure he was gone, she went home, called her older sister, wrote down everything she could remember, and called the police when her mother got home approximately an hour later. Victim Two identified Damare at trial as the man on the bicycle.

A month later, Damare approached two 15-year-old girls (Victims Three and Four) after school in their high school parking lot. Damare drove up to within three to five feet of the girls and asked them if they would like to make some extra money. Damare swung open his car door, and Victim Three saw that he was naked from the waist down and was masturbating. Victim Four saw that Damare was not wearing pants, but did not see his penis. Shocked, the teens

"froze" for a moment and then ran away toward the school. As Damare drove away, Victim Three turned around and memorized his Louisiana license tag number. The teens told a school administrator, and the police were contacted. Investigating officers determined that the tag number belonged to Damare. Police arrested Damare at work on June 9, 1997. Victims One, Two, and Four picked Damare out of a photographic lineup.

The State also presented evidence of four separate similar transactions which occurred in North Carolina and Louisiana between August 1994 and January 1997. This evidence was presented to show Damare's intent, bent of mind, and course of conduct, and the jury was so charged in a limiting instruction. During these transactions, Damare approached children or teenagers, exposed his penis, masturbated, and said obscene things. In one case, Damare exposed himself to a teenager, followed her home after she ran away, approached her again the same day, and confronted her a third time a few weeks later. In another case, Damare shoved his penis in the face of a 16-year-old girl as she bent over to pick up her book bag. Damare then grabbed her as she attempted to run. She escaped only through the assistance of her friends.

We find that the overwhelming evidence of Damare's actions was sufficient for a jury to find that he was guilty beyond a reasonable doubt of child molestation. *Arnold v. State*, 249 Ga. App. 156, 158-159 (1) (a) (545 SE2d 312) (2001) (exposing penis to child in lewd manner was child molestation, even though the child turned her head and did not actually see the penis); *Worley v. State*, 193 Ga. App. 58, 60 (3) (386 SE2d 879) (1989) (exposing penis); *Bentley v. State*, 179 Ga. App. 287 (1) (346 SE2d 98) (1986) (same); see also *Chapman v. State*, 170 Ga. App. 779-780 (1) (318 SE2d 213) (1984) (defining "immoral" and "indecent" under the child molestation statute); cf. *Vines v. State*, 269 Ga. 438, 440 (499 SE2d 630) (1998) (defendant's sexually explicit phone call to 14-year-old girl did not constitute child molestation because the act was not performed in the child's presence).

2. Damare contends the trial court erred in refusing to give requested jury instructions on lesser included offenses. He submitted written requests for jury charges on the statutory language of OCGA § 16-6-8 (a), public indecency, and OCGA § 16-5-20, simple assault. He argues that, because the indictment encompassed these crimes and the evidence presented could have supported a conviction for these crimes, the court was required to give the requested instructions. We agree with his assertions, but find the error to be harmless in light of the overwhelming evidence of Damare's specific intent to commit child molestation.

"Georgia law provides that a lesser offense can be included in a greater offense either as a matter of law or as a matter of fact." (Cita-

tion omitted.) *Strickland v. State*, 223 Ga. App. 772, 773 (1) (479 SE2d 125) (1996).

> A crime is a lesser included offense of the crime charged as a matter of fact when "it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged. . . ." OCGA § 16-1-6 (1). In construing this provision, this Court has held that "even if a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, *the lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well.*" Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.

(Citations and punctuation omitted; emphasis in original.) Id. at 773-774 (1) (a).

Further, for a crime to be considered a lesser included offense as a matter of fact, it must be supported by evidence at trial and be adequately averred in the indictment. *Strickland v. State*, 223 Ga. App. at 775 (1) (a). Simply stated, "[a] charge on [public indecency or assault] as a lesser included offense of child molestation is required when the indictment puts the defendant on notice that he could be convicted of the lesser included offense *and* the evidence presented at trial is sufficient to establish the lesser included offense consistent with these averments." (Emphasis in original.) Id. at 776 (1) (a). In other words,

> where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense. [However, w]here a case contains some evidence, *no matter how slight*, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.

(Citation omitted; emphasis in original and supplied.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994) (jury instruction on lesser included offense required when there was some evidence to support it, but overwhelming evidence of guilt on greater offense

made error harmless).[2] This rule recognizes that the jury may choose to disbelieve some of the State's evidence on the greater offense, but may still find the remaining evidence sufficient to prove the lesser offense. See id. at 133, n. 3. The failure to give a requested charge on a lesser included offense when the evidence warrants it is error. *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990).

(a) *Public indecency jury instruction.* In this case, the indictment charged Damare with four counts of child molestation, OCGA § 16-6-4 (a), alleging within each count that he did certain "immoral and indecent act[s] to, with, and in the presence of [each victim,] a child under 16 years of age, with the intent to arouse and satisfy the sexual desires of said accused and said child . . . contrary to the laws of said State, the good order, peace and dignity thereof." In Counts 1, 3, and 4, the State charged that Damare committed child molestation by exposing his penis to three different victims. In Count 2, the indictment alleged Damare committed child molestation when he asked Victim Two "if she would like him to use his tongue to lick her 'p—' up and down and shove his 'dick' in her."

Under OCGA § 16-6-8 (a) (2) and (3), a person commits public indecency when, in a lewd manner while in a public place, he either exposes his sexual organs or appears partially nude. Counts 1, 3, and 4 of the indictment, in charging that Damare exposed his penis to the victims, encompassed all of the elements of public indecency and, therefore, put him on notice that he could be convicted of public indecency under Counts 1, 3, and 4. See *Strickland v. State*, 223 Ga. App. at 776 (1) (b). Further, the evidence presented at trial could have supported public indecency convictions. See Division 1, supra; *Williams v. State*, 255 Ga. App. 775 (566 SE2d 477) (2002); *Whitehead v. State*, 160 Ga. App. 644 (287 SE2d 648) (1981). Accordingly, the trial court should have charged the jury on public indecency as a lesser included offense.

We also find, however, that there was overwhelming evidence that Damare exposed his penis "with the intent to arouse or satisfy the sexual desires of either the child or [himself]." This evidence included his sexually explicit statements to the girls, his conduct in following and grasping at them, his masturbation in their presence,

---

[2] Cf. *Armstrong v. State*, 274 Ga. 771, 774 (3) (560 SE2d 643) (2002) (charge on robbery as a lesser included offense of armed robbery was not required when evidence conclusively established that a weapon was used to kill the victim); *Strickland v. State*, 223 Ga. App. at 777 (1) (b) (jury instruction on sexual battery was not appropriate in this child molestation case, since there was no evidence to support the offense); *Close v. State*, 195 Ga. App. 652, 654-655 (4) (394 SE2d 563) (1990) (defendant asserted an alibi defense, so the evidence proved only that the greater offense was committed or that no offense was committed. Therefore, an instruction on a lesser included offense was not appropriate); *Worley v. State*, 193 Ga. App. at 59 (1) (accord).

and his predatory pattern evidenced by numerous similar transactions. Accordingly, we find it was highly probable that the failure to give the public indecency charge did not contribute to the child molestation verdicts. See *Edwards v. State*, 264 Ga. at 133. Any error was harmless.

(b) *Simple assault jury instruction.* Under OCGA § 16-5-20, a person commits the crime of simple assault when he commits an act which places another in a reasonable apprehension of immediately receiving a violent injury. The indictment, as drafted, did not allege acts which could support a conviction for simple assault as a matter of law. Therefore, the trial court did not err in refusing to charge the jury on simple assault. See *Strickland v. State*, 223 Ga. App. at 776 (1) (a), 777 (1) (b).

3. Damare contends the trial court erred when it admitted similar transaction evidence, arguing it was unnecessary and prejudicial because the State's case-in-chief was "clear and uncontradicted." This enumeration lacks merit.

The State gave notice of its intent to present twenty-three separate similar transactions occurring in three states, pursuant to Uniform Superior Court Rule 31.3. Following a hearing on the admissibility of four of the transactions, the trial court admitted the evidence, finding that it showed Damare's intent, bent of mind, and course of conduct; that Damare committed the offenses; and that they were sufficiently connected or similar to the crimes for which he was charged in this case. See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The court also specifically found that the relevancy of the evidence outweighed its prejudicial nature. The court gave the jury a limiting instruction when the evidence was presented.

"The decision to admit a prior similar transaction into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion." (Citations and punctuation omitted.) *Banks v. State*, 250 Ga. App. 728, 730 (3) (552 SE2d 903) (2001). We find the trial court did not abuse its discretion in admitting the similar transaction evidence in this case. See *Hardeman v. State*, 247 Ga. App. 503, 506 (4) (a) (544 SE2d 481) (2001) ("[a]cts involving the sexual molestation of children or teenagers, regardless of the type of acts, are of sufficient similarity to be admissible" as similar transactions) (footnote omitted).

4. Damare contends that his convictions on Counts 3 and 4 of the indictment should have been merged for sentencing, as they constituted multiple convictions for a single incident. We disagree. These counts were for acts committed against separate victims. And, as we have held: "The offense of child molestation is a crime against the person, and every child involved in the . . . incidents was a victim of

this crime." *Close v. State*, 195 Ga. App. at 655 (5); see also *Worley v. State*, 193 Ga. App. at 58 (1).

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 20, 2002 —

*Richard D. Wilson*, for appellant.

*Patrick H. Head, District Attorney, Bruce D. Hornbuckle, Dana J. Norman, Assistant District Attorneys*, for appellee.