## A03A0517. RAINEY v. THE STATE.
### (584 SE2d 13)

ADAMS, Judge.

The crime of child molestation requires that the indecent or immoral act be done "in the presence of" someone under the age of 16. James Frank Rainey was convicted of child molestation because a 15-year-old girl, who was somewhere between 100 and 200 feet away, saw him in the window of his own home, nude from the waist down, appearing to masturbate. On appeal of his conviction and 20-year sentence, he contends that the evidence was insufficient to support the verdict, that the court erred by failing to charge on the lesser included offense of public indecency, and that he received ineffective assistance of counsel. He does not appeal his convictions of giving a false name and giving a false date of birth.

Construed in favor of the verdict, the facts show that at 4:00 p.m. on May 18, 2001, the victim got off her school bus and was walking home when she saw Rainey standing at an open window in his home with his hands "on his privates." The victim ran home and yelled to her mother that "Frank's playing with hisself [sic]." She had clearly seen that he was not wearing pants, and she had seen pubic hair. She then went to a window to confirm what she had seen. She saw Rainey sitting down, but he then stood up and came back to the window,

---

again wearing only a shirt. Rainey had his hands on his penis, he moved his body in a jerking motion, and he stuck his hand and private area out of the window. The victim testified that "it looked like he wanted somebody to see or something." At her mother's instruction she got her brother out of the backyard, and while doing so she saw Rainey repeating his actions. She never saw his penis because of his hands.

The victim testified that when she first saw Rainey she was about 200 feet away and that from her brother's window she was about 100 feet away. Her mother testified that the two homes were 130 to 140 feet apart. A deputy testified that the distance between the homes was less than 40 yards.

The State introduced evidence of two similar transactions. One was a prior conviction of public indecency and lewd acts in that he exposed himself and masturbated in the presence of an adult, and the other involved allegations that he opened blinds and exposed himself and masturbated in front of nearby children.

The State also introduced a statement by Rainey. Based on the interviewer's testimony, it appears that before Rainey had been told of the specific allegations, he asked the interviewer if the interviewer really thought "that he would take the time to raise some blinds, open a window, remove a screen, stick part of his body outside a window or anything like that just so he could do something in front of a young girl or a school bus full of children." He also denied the allegations and claimed to have been in another part of the county at the time. At trial, Rainey denied committing any of the acts as charged or the similar occurrences. But he admitted that he knew the victim and that the two homes were "within seeing distance."

1. "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). With regard to the sufficiency of the evidence, Rainey contends that he was not "in the presence of" the victim. As a criminal statute, OCGA § 16-6-4 (a) "must be construed strictly against criminal liability and, if it is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted. [Cits.]" *Fleet Finance v. Jones*, 263 Ga. 228, 231 (3) (430 SE2d 352) (1993).

Simply exposing sexual organs to a child without any physical conduct can be sufficient. *Gunter v. State*, 215 Ga. App. 517, 519 (3) (451 SE2d 108) (1994); *Blanton v. State*, 191 Ga. App. 454, 455 (1) (382 SE2d 133) (1989). So can exposing sexual organs even though the child does not actually see them. *Arnold v. State*, 249 Ga. App. 156, 158 (1) (a) (545 SE2d 312) (2001). And we find no limitation in

the case law to the required spatial proximity. In fact, in the case of *Morris v. State*, 109 Ga. 351 (34 SE 577) (1899), where it was held that a man's actions did not amount to public indecency because there was only one witness, the Supreme Court accepted the fact that the man had exposed himself "in the presence of" a woman who was 175 yards away. Compare *Vines v. State*, 269 Ga. 438, 439 (499 SE2d 630) (1998) (one is not in the presence of the victim for the purposes of child molestation when the only contact is over the telephone).

Even construing OCGA § 16-6-4 (a) strictly, we find no basis to hold that there is a specific limit to how far away someone can be before they can no longer be considered to be "in the presence of" a child where the child can see the person and the person is aware of the presence of the child. Here, the jury was authorized to conclude that Rainey was aware of the victim's presence and that he sought to expose himself to her for the purpose of satisfying his own sexual desires. The evidence was sufficient to support the verdict.

2. Rainey also contends the trial court erred by failing to give a written request to charge public indecency as a lesser included offense of child molestation. "[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990). "[A] charge on (public indecency or assault) as a lesser included offense of child molestation is required when the indictment puts the defendant on notice that he could be convicted of the lesser included offense *and* the evidence presented at trial is sufficient to establish the lesser included offense consistent with these averments." (Citations and punctuation omitted; emphasis in original.) *Damare v. State*, 257 Ga. App. 508, 511 (2) (571 SE2d 507) (2002).

But where the defendant has been charged with child molestation and he has denied the charges, claiming alibi, it is not error to refuse to charge the elements of the alleged lesser included offense of public indecency. *Close v. State*, 195 Ga. App. 652, 655 (4) (394 SE2d 563) (1990); *Worley v. State*, 193 Ga. App. 58, 59 (1) (386 SE2d 879) (1989).

Rainey contends that *Close* and *Worley* have been limited or modified by *Strickland v. State*, 223 Ga. App. 772 (479 SE2d 125) (1996), and *Edwards v. State*, 264 Ga. 131, 132 (442 SE2d 444) (1994). But *Strickland* supports the conclusion that Rainey was not entitled to a charge on public indecency. In that case, the child's testimony established that the defendant had the requisite specific intent to commit child molestation, and there was no other evidence to refute it. Therefore Strickland was not entitled to a charge on sexual battery, a general intent crime.

In the present case, the victim testified that Rainey stuck his

private parts out of the window, moved in a jerking motion, and appeared to want someone to see him. Rainey also responded to her opening a blind by standing up and repeating his actions. The victim's testimony established that Rainey had the specific intent to satisfy his sexual desires by revealing himself to her. There was no evidence to refute it; Rainey denied making any indecent action at all. Accordingly, "[w]here, as here, the evidence establishes either the commission of the completed offense as charged, or the commission of no offense, the trial court is not authorized to charge the jury on a lesser included offense." *Cotton v. State*, 274 Ga. 26, 27 (2) (549 SE2d 71) (2001). We find nothing in *Edwards* inconsistent with this opinion.

3. Rainey also contends that he received ineffective assistance of counsel in several ways. First, he argues that his trial counsel did not visit the scene, take photographs, or measure the distances in the case, and that he did not challenge the element of "in the presence of" at trial. But based on our holding in Division 1, we find no possible error. The trial court instructed the jury that the law required the defendant's actions be in the presence of the victim, and the jury was authorized to find that they were.

Rainey urges that his counsel was ineffective by failing to object to introduction of the sentence he received for the prior offense of public indecency. See *Druitt v. State*, 225 Ga. App. 150, 152 (1) (5) (483 SE2d 117) (1997) (the better method is to exclude the sentence from a prior offense/similar transaction). But even if trial counsel should have objected, it is highly probable that admission of the sentence did not contribute to the verdict. See, e.g., *Weaver v. State*, 206 Ga. App. 560, 561 (426 SE2d 41) (1992).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 11, 2003 —
RECONSIDERATION DENIED JUNE 25, 2003 —

*Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.