A04A0777. WILKERSON v. THE STATE.
(598 SE2d 364)

PHIPPS, Judge.
Ronald Wilkerson appeals his conviction of child molestation. He challenges the sufficiency of the evidence to support the verdict; and he complains of the prosecution's violation of Georgia's reciprocal discovery act, into which the defense had opted. Finding the evidence sufficient and no harmful violation of Wilkerson's discovery rights, we affirm.

The victim, K. S., was nine years old at the time of the crime and ten years old at trial. He testified that his mother had taken him shopping at a WalMart where he went to the bathroom by himself. He began using the toilet and noticed a man staring at him through the stall. When K. S. exited the stall, the man was standing there shaking his penis at him and fondling it at the same time. When K. S. attempted to leave, the man put his hand against the wall in an apparent attempt to block his exit. K. S. ran under the man's arm, ran out of the bathroom crying, and quickly reported what had happened to store personnel.

The police were summoned. K. S. provided a description of the man; and Wilkerson, who fit the description, was apprehended in the WalMart parking lot. At a one-on-one showup, K. S. immediately identified Wilkerson as the perpetrator. At the time of this arrest, Wilkerson had in his possession a brochure for videotapes depicting homosexual activity. References to certain types of aberrant sexual

---

[7] *Manis v. State*, 235 Ga. App. 789, 790 (2) (510 SE2d 584) (1998).

behavior appeared on the brochure in Wilkerson's handwriting. Also found in Wilkerson's possession were free circus passes for children. Wilkerson admitted to the police that he was a sex addict and that he had gone out that night for the purpose of picking up someone for sex. A store videotape established that Wilkerson was in the bathroom with K. S. at the time of the incident.

1. Wilkerson challenges the sufficiency of the evidence to establish the intent element of the crime of child molestation.

"OCGA § 16-6-4 (a) provides that '(a) person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of [16] years with the intent to arouse or satisfy the sexual desires of either the child or the person.' "[1] To convict Wilkerson of child molestation, the jury was thus required to find that he had intended to arouse either his or the child's sexual desires. We have held that simply exposing one's sexual organs to a child can be sufficient proof of this crime.[2] Here, there was evidence that Wilkerson exposed his penis to the child while he was fondling it. This, and the other matters which came to light at the time of his arrest, fully authorized any rational trier of fact to find beyond a reasonable doubt that he possessed the requisite criminal intent.

2. Wilkerson contends that the trial court erred in overruling his objection to the state's failure to provide the defense with a pretrial statement by K. S. to one of the investigating police officers.

At trial, the officer testified about a statement given to him by K. S. shortly after the incident. As testified to by the officer, K. S.'s pretrial statement was consistent with his trial testimony, except that K. S. told the officer that he and Wilkerson were using urinals at the time in question. In cross-examining the officer, defense counsel established that the officer had memorialized K. S.'s pretrial statement in an incident report. After viewing the report, counsel objected that he had not been provided with a copy of the report and asked that the prosecution make the report available to him so that he could make a copy of it. The prosecuting attorneys responded that the police had not provided them with a copy of the report either. The trial court thereupon overruled the defense objection.

The reciprocal discovery act is codified at OCGA § 17-16-1 et seq. OCGA § 17-16-7, in pertinent part, provides that no later than ten days prior to trial, the prosecution shall produce "any statement of any witness that is in the possession, custody, or control of the state or prosecution . . . that relates to the subject matter concerning the

[1] *Blanton v. State*, 191 Ga. App. 454-455 (1) (382 SE2d 133) (1989).

[2] *Rainey v. State*, 261 Ga. App. 888, 889 (1) (584 SE2d 13) (2003), and cits.

testimony of the witness. . . ." As used in the act, the term "[p]ossession, custody, or control of the state or prosecution" includes items within "the possession, custody, or control of . . . any law enforcement agency involved in the investigation of the case being prosecuted."[3] Therefore, the prosecution was under an obligation to provide the defense with a copy of K. S.'s pretrial statement to the investigating officer, even though the statement remained in the exclusive physical possession of the police.

When the state fails to comply with the requirements of the act, OCGA § 17-16-6 provides that the trial court "may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed."[4] Here, Wilkerson did not seek to prevent introduction of K. S.'s pretrial statement to the officer, as it was helpful to the defense. And counsel was allowed to inspect the report in which the statement appeared. Wilkerson has not shown how he was prejudiced by the court's failure to order the state to make the report available to him for copying. Therefore, the state's discovery violation did not give rise to any reversible error.[5]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 1, 2004.

*John C. Culp*, for appellant.
*Richard E. Currie, District Attorney, Melanie J. Brogden, Assistant District Attorney*, for appellee.

---

[3] OCGA § 17-16-1 (1).

[4] See *Franklin v. State*, 224 Ga. App. 578, 579 (2) (481 SE2d 852) (1997) (physical precedent only).

[5] See generally *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696) (1996).