**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS*
*COURT. ALL FILINGS MUST BE SUBMITTED WITHIN*
*THE TIMES SET BY OUR COURT RULES.*

May 24, 2021

# In the Court of Appeals of Georgia

A21A0193. MCMURRIA v. THE STATE.

MARKLE, Judge.

Following a jury trial, John Earle McMurria was convicted of child molestation (OCGA § 16-6-4 (a) (1)). He appeals from the trial court's denial of his motion for new trial, challenging the sufficiency of the evidence and contending trial counsel rendered ineffective assistance by failing to object to improper (a) character evidence, and (b) communications between the bailiff and the jury. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that, in January 2018, the then-eight-year-old victim was riding her bike with two other children behind McMurria's home. McMurria called her away from the other children, unzipped his pants, and told her to look down, exposing his penis to her. The victim returned home

and immediately told her older brother what had happened. The brother told their father, who called law enforcement. A forensic interview was conducted, and the victim's disclosure was consistent with her prior statements. McMurria was subsequently charged with child molestation.

At trial, the brother testified that the victim disclosed to him that McMurria had showed his "peter" to her. The forensic interviewer also testified that the victim reported McMurria exposed his "peter," which the victim described as "big and white."[1] The victim testified at trial that McMurria had unzipped his pants and told her to look down, but she insisted that she did not look down and had not seen his penis. The State proffered, and the trial court admitted, McMurria's 1992 convictions for the molestation and statutory rape of his then-fourteen-year-old stepdaughter. McMurria did not testify or otherwise offer evidence.

The jury returned a guilty verdict. McMurria filed a motion for new trial, raising all the issues now argued on appeal. Following a hearing, the trial court denied the motion, and this appeal followed.

---

[1] The video recording of the forensic interview was admitted and published to the jury.

1. McMurria first argues that the evidence was insufficient to support his conviction for child molestation because the victim testified at trial that she did not see his penis, and there was no evidence of his intent to arouse or satisfy his sexual desire by his acts. We are not persuaded.

> On appellate review of a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or judge the credibility of witnesses, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable doubt.

(Citation omitted.) *Davis v. State*, 357 Ga. App. 720 (1) (848 SE2d 173) (2020).

"A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" OCGA § 16-6-4 (a) (1).

The evidence at trial, as recounted above, was sufficient to support McMurria's conviction for child molestation, regardless of whether the victim saw his genitals. *Rainey v. State*, 261 Ga. App. 888, 889 (1) (584 SE2d 13) (2003) (evidence of "exposing sexual organs even though the child does not actually see them" sufficient

3

to support child molestation conviction); *Arnold v. State*, 249 Ga. App. 156, 158 (1) (a) (545 SE2d 312) (2001) (defendant's "conduct is rendered no less culpable by the victim's good judgment in turning her head away."). Moreover, the victim's credibility, as well as any conflicts between her testimony and her out-of-court statements, were for the jury to resolve. *Hogg v. State*, 356 Ga. App. 11, 13 (1) (846 SE2d 183) (2020).

Nevertheless, McMurria contends that the evidence was insufficient to show that he acted with the requisite intent to arouse or satisfy his sexual desire. See OCGA § 16-6-4 (a) (1). However,

> [t]he child molestation statute does not require proof of the defendant's actual arousal. Instead, the law requires only that the defendant have acted with the intent to arouse his sexual desires. The question of intent is peculiarly a question of fact for determination by the jury, which may infer a defendant's intent from the evidence presented at trial. Where the jury finds the requisite intent, that finding will not be reversed on appeal provided there is some evidence supporting the jury's inference.

(Citations and punctuation omitted.) *Brown v. State*, 324 Ga. App. 718, 720-721 (1) (751 SE2d 517) (2013); see also OCGA § 16-2-6 (Although a defendant is not presumed to act with criminal intent, the jury "may find such intention upon

4

consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.").

Here, the jury was authorized to infer McMurria's intent to arouse or gratify his sexual desires from the act of exposing himself to a child. *Hathcock v. State*, 214 Ga. App. 188, 190 (2) (447 SE2d 104) (1994); see also *Brown*, 324 Ga. App. at 721 (1). The requisite intent was also established by McMurria's prior convictions, showing his disposition to molest young girls; his attempt to isolate the victim from the other children in order to conceal his act; and his direction to the victim to look down. See *Eubanks v. State*, 332 Ga. App. 568, 572 (3) (774 SE2d 146) (2015); *Arnold*, 249 Ga. App. at 158 (1) (a) (inference of defendant's sexual intent when he encouraged victim to look at him while he exposed himself). The evidence of record was thus sufficient to support McMurria's conviction for child molestation.

2. McMurria next contends that trial counsel rendered ineffective assistance by failing to object to improper (a) character testimony and (b) communications between the bailiff and the jurors. We address each claim in turn, and conclude that he has failed to meet his burden to show ineffective assistance of counsel.

> To succeed on a claim that counsel was constitutionally ineffective, [McMurria] must show both that his attorney's performance was

5

deficient, and that he was prejudiced as a result. Under the first prong of this test, counsel's performance will be found deficient only if it was objectively unreasonable under the circumstances and in light of prevailing professional norms. And under the second prong, prejudice is demonstrated only where there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Failure to satisfy either prong of the . . . test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong. And although both the performance and prejudice components of an ineffectiveness inquiry involve mixed questions of law and fact, a trial court's factual findings made in the course of deciding an ineffective assistance of counsel claim will be affirmed by the reviewing court unless clearly erroneous.

(Citations and punctuation omitted.) *Green v. State*, 302 Ga. 816, 817-818 (2) (809 SE2d 738) (2018).

(a) McMurria first argues that trial counsel was ineffective for failing to object to allegedly improper character evidence. Specifically, McMurria points to a question posed by the State during its re-direct examination of the victim's brother:

[D]o you know anything about whether or not -- I know I told you yesterday we probably wouldn't talk about it but we are going to. Do

6

you know anything about whether or not [McMurria] has ever had any prior history?

Trial counsel did not object, and the brother responded in the affirmative.

Pretermitting whether trial counsel was deficient for failing to object to this question, McMurria has failed to establish prejudice because he has not shown a reasonable probability that the outcome of the trial would have been different had this evidence been excluded. See *Green*, 302 Ga. at 817-818 (2). First, we note that trial counsel acknowledged that McMurria was a convicted sex offender in his opening statement to the jury. Moreover, McMurria's prior convictions were admitted into evidence. And the victim's mother testified that she knew McMurria was a registered sex offender. Thus, the State's question to the brother merely elicited cumulative evidence. And "[t]he failure of trial counsel to object to such cumulative evidence does not support a claim of ineffective assistance of counsel."[2] (Citation omitted.)

---

[2] McMurria's reliance on *Merritt v. State*, 255 Ga. 459 (339 SE2d 594) (1986) is misplaced because the character evidence at issue there was not cumulative. Rather, the Georgia Supreme Court found that testimony regarding the defendant having previously thrown a molotov cocktail at his grandfather just to "watch a man burn" was irrelevant to the present murder charges, involving a shooting, and was offered solely to malign the defendant's character. Id. at 460 (2). The facts of *Merritt* are thus distinguishable from the case at hand.

*Haney v. State*, 305 Ga. 785, 790 (2) (827 SE2d 843) (2019); *Garza v. State*, 347 Ga. App. 335, 341 (2) (b) (819 SE2d 497) (2018).

(b) Finally, McMurria contends that trial counsel was ineffective for failing to object to improper communications between the bailiff and the jurors.

Here, during a break in the proceedings prior to the close of the evidence, a juror asked the bailiff if the jurors could begin discussing the case. The bailiff responded in the negative and, once all the jurors were present in the jury room, reiterated that they were not to deliberate until all the evidence was in. After the bailiff reported the incident in open court, but outside the presence of the jurors, trial counsel did not object.

> It is well established that where such an improper communication occurs, there is a presumption of harm and the burden is on the State to show the lack thereof. However, where the substance of the communication is established without contradiction, the facts themselves may establish the lack of prejudice or harm to the defendant.

(Citation and punctuation omitted.) *Adorno v. State*, 236 Ga. App. 588, 590 (2) (512 SE2d 703) (1999); see also *Lawson v. State*, 280 Ga. App. 870, 872 (1) (635 SE2d 259) (2006) ("where there is no suggestion that jurors were influenced by the improper communication, the presumption of prejudice is rebutted.").

8

We fail to see how the bailiff's communication, merely reiterating a frequently given charge of the court, influenced the jury or otherwise prejudiced McMurria. See *Adorno*, 236 Ga. App. at 590 (2); *Lawson*, 280 Ga. App. at 872 (1). Compare *State v. McCargo*, 352 Ga. App. 501, 501-504 (835 SE2d 317) (2019) (State could not rebut the presumption of harm where bailiff told jurors that the case had previously ended in a mistrial and one of the jurors later testified that the jury considered bailiff's comments during deliberations). As such, McMurria cannot demonstrate that trial counsel's failure to object to the bailiff's comments affected the outcome of the trial. See *Griffin v. State*, 309 Ga. 516, 520 (2) (847 SE2d 168) (2020) ("The failure to pursue a futile objection does not amount to ineffective assistance.") (citation omitted). Accordingly, McMurria fails to meet his burden to show that trial counsel rendered ineffective assistance.

For all these reasons, the trial court properly denied McMurria's motion for new trial, and we affirm.

*Judgment affirmed. Barnes, P. J., and Gobeil, J., concur*.

9